IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION


**OREGON REALTY COMPANY**,

        Plaintiff,

   v.

**GREENWICH INSURANCE COMPANY,**
a foreign corporation,

        Defendant.

_____

**GREENWICH INSURANCE COMPANY,**
a foreign corporation,

        Third-Party Plaintiff,

   v.

**SHARON BANKOFIER, a citizen of Oregon,**
**and DUANE BANKOFIER, a citizen of Oregon,**

        Third-Party Defendants.

No. 3:12-cv-00200-MO

OPINION AND ORDER

1 – OPINION AND ORDER

**MOSMAN, J.**,

A state court action was brought against Sharon and Duane Bankofier and Oregon Realty that arose out of the sale of real property and the subsequent investment of the sale proceeds in several tenants-in-common.  After the state court lawsuit was filed, the Bankofiers and Oregon Realty brought this federal action seeking declaratory relief and asserting a claim for breach of contract against their insurer, Greenwich Insurance Company. Although I ruled [37] on the cross-motions for summary judgment and entered a judgment [38], this case is not yet resolved in its entirety.  The Bankofiers now move [42] for clarification of the judgment as Greenwich Insurance disputes the scope of my holding.  In addition, Oregon Realty moves [51] for judgment as to its claims. I grant the Bankofiers' motion [42] for clarification of judgment and hold that Greenwich Insurance is liable for the defense costs the Bankofiers' incurred defending the state court action.  I also grant Oregon Realty's motion [22] for summary judgment and its motion [51] for judgment.

## BACKGROUND

On January 28, 2013, I heard oral argument on the cross-motions for summary judgment. I concluded the allegations in the state court complaint included real estate services and neither Exclusion E nor J barred coverage. (Tr. [47] at 47–50.) Accordingly, I held that Greenwich Insurance had a duty to defend the Bankofiers, granted the Bankofiers' motion [15] for summary judgment as to Greenwich Insurance, and denied as moot their motion as to Oregon Realty.  I also denied Greenwich Insurance's motion [20] for summary judgment.  (Judgment [38].)

## DISCUSSION

### I. <u>Bankofiers' Motion to Clarify Judgment</u>

The Bankofiers ask me to clarify that my previous judgment contemplated an award of damages, including the amount of costs and attorney fees incurred in the related state court

2 – OPINION AND ORDER

action and the costs of a loan they were required to obtain to finance their defense in the state court action. (Mot. to Clarify J. [42] at 2.) They claim to have incurred $238,182.50 in attorney fees and $12,968.38 in costs in the state court action, as well as $3,121.53 in fees and interest on the loan they obtained to pay for those expenses. (Decl. Larsen [41] ¶¶ 7, 8.)

Greenwich Insurance did not respond to the Bankofiers' motion to clarify the judgment, and it did not raise any objection to the Bankofiers' asserted defense costs.

I grant the Bankofiers' motion to clarify the judgment. My previous judgment contemplated an award of damages, which I reiterate now. I held that Greenwich Insurance has a duty to defend the Bankofiers. (Tr. [47] at 47–50.) Under Oregon law, if the duty to defend is triggered, the insurer has the duty to pay the defense costs for the entire action. *See Timberline Equip. Co., Inc. v. St. Paul Fire & Marine Ins. Co.*, 281 Or. 639, 576 P.2d 1244, 1247 (1978). A defendant who breaches the duty to defend is liable for the costs of the defense undertaken by the plaintiff. *See Northwest Pump & Equip. Co. v. American States Ins. Co.*, 144 Or. App. 222, 925 P.2d 1241, 1245 (1996). Accordingly, I find that Greenwich Insurance is liable for the costs of the Bankofiers' defense in the state court action. At the time this motion was filed, the Bankofiers had incurred $254,272.41 in defense costs. The record supports these costs. (Decl. Larsen [41] ¶¶ 7–8 and Exs. 2–3.) Under my ruling, Greenwich Insurance must also pay any defense costs that the Bankofiers incurred in the state court action subsequent to the filing of this motion.

## II.    Oregon Realty's Motion for Judgment

Oregon Realty moves [51] for final judgment as to its claims. Greenwich Insurance did not respond or object to the motion. The Bankofiers conferred with Oregon Realty and indicated they did not object to the motion. I grant the motion as Oregon Realty was not explicitly

included in the earlier judgment in this case.  Because the original judgment did not dispose of all claims and all parties, it was not a final judgment under Federal Rule of Civil Procedure 54(b).

Although the Bankofiers and Greenwich Insurance specifically filed motions for summary judgment, Oregon Realty did not.  Instead, it asked me to *sua sponte* grant it summary judgment in response to Greenwich Insurance's motion.  (Op. to Mot. for Summ. J. [22] at 11–12.)  I did not explicitly do so after oral argument on the cross-motions for summary judgment, but I do so now.

Oregon Realty initiated this lawsuit seeking a declaratory judgment that Greenwich Insurance owes a duty to defend Oregon Realty in the state court action and alleging a related claim for breach of contract for Greenwich Insurance's violation of the Insurance Policy's terms.  It is undisputed that Oregon Realty was the named Insured on the Greenwich Insurance Policy.  The analysis of the Insurance Policy that I described when granting summary judgment to the Bankofiers applies equally to Oregon Realty.  (*See* Tr. [47] at 47–50.)  Therefore, for the same reasons that I held Greenwich Insurance has a duty to defend the Bankofiers, it has a duty to defend Oregon Realty.  Accordingly, I grant Oregon Realty's motion for summary judgment.

Oregon Realty also seeks reimbursement of $69,558.86 in fees and costs incurred to date for defending the state court action.  (Mot. for J. [52] at 8–9.)  I find that Oregon Realty's costs are supported by the record.  (*See* Decl. Lucas [53] ¶ 2 and Ex. A.)  I hold that Greenwich Insurance is liable for the costs of Oregon Realty's defense in the state court action, for the same reasons I described above when considering the Bankofiers' claims.

## CONCLUSION

I GRANT the Bankofiers' motion [42] for clarification of the judgment. I also GRANT Oregon Realty's motion [22] for summary judgment and its motion [51] for judgment as to its claims.

IT IS SO ORDERED.

DATED this  17th  day of June, 2013.

/s/ Michael W. Mosman\
MICHAEL W. MOSMAN\
United States District Judge